UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANIE J. COPLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:14-cv-2057-WTL-MJD |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Stephanie Copley requests judicial review of the final decision of the Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Copley's application for Supplemental Security Income ("SSI") under Title 16 of the Social Security Act ("the Act"). The Court, having reviewed the record and the briefs of the parties, rules as follows.

### I. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. ' 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. ' 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. ' 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. ' 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. ' 416.920(a)(4)(iii). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. ' 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. ' 416.920(a)(4)(v).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id*., and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into

2

[his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## II.  BACKGROUND

Copley protectively filed for Supplemental Security Income ("SSI") on March 27, 2012, alleging that she became disabled on May 1, 2000, primarily due to obesity, patellofemoral malalignment of the right knee, intermittent explosive disorder, depression, anxiety, and ADHD. Copley was born on February 4, 1988, and she was 24 years old on the alleged disability onset date. Copley completed the ninth grade and has no past relevant work.

Copley's application was denied initially on June 12, 2012, and upon reconsideration on August 15, 2012. Thereafter, Copley requested and received a hearing in front of an Administrative Law Judge ("ALJ"). A video hearing, during which Copley was represented by counsel, was held by ALJ James G. Myles on June 13, 2013. The ALJ issued his decision denying Copley's claim on July 5, 2013; the Appeals Council denied Copley's request for review on October 15, 2014. Copley then filed this timely appeal.

## III.  THE ALJ'S DECISION

The ALJ determined at step one that Copley had not engaged in substantial gainful activity since March 27, 2012, the application date. At steps two and three, the ALJ concluded that Copley had the severe impairments of "obesity, left knee pain, organic mental disorders, affective disorders, anxiety-related disorders, personality disorders and substance addiction disorders." Record at 22. The ALJ found that Copley did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926). At step four, the ALJ determined that Copley had the RFC to perform light work, except:

3

>the claimant must avoid climbing ladders, ropes and scaffolds, as well as crawling, but she may occasionally perform other postural activities; the claimant must have no concentrated exposure to work hazards, and is limited to routine, unskilled work, that involves minimal interaction with others incidental to work; further, her work must not be quote or piece work based.

R. at 25. The ALJ found that Copley had no past relevant work. At step five, the ALJ determined that Copley could perform the requirements of a few representative occupations, such as laundry worker, collator, and office helper. Accordingly, the ALJ concluded that Copley was not disabled as defined by the Act.

## IV.  EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in Copley's brief (Dkt. No. 16) and need not be recited here.  Specific facts are set forth in the discussion section below where relevant.

## V.  DISCUSSION

In her brief in support of her complaint, Copley advances one objection to the ALJ's decision: that the ALJ "improperly evaluated the opinion of Dr. Renee Nevins, an examining psychologist." R. at 9. With regard to Dr. Nevin, the ALJ provided the following analysis:

>As for the medical opinion evidence, as was noted, the claimant was seen by Dr. Nevins for a consultative examination in April 2012. During the examination, Dr. Nevins opined that the claimant would require supervision due to her issues with distractibility, concentration and focus. Additionally, Dr. Nevins opined that the claimant was unable to manage her finances, given her calculation skills and her ability to sustain mental efforts. I afford this opinion less weight, and flatly reject Dr. Nevins' assertion that the claimant requires special supervision to complete work tasks. The record, including treatment notes, and State agency opinions, show that the claimant is not nearly as impaired as Dr. Nevins has stated. Dr. Nevins assessed the claimant with a GAF score of 50, however, the record shows that the claimant was consistently assessed with a GAF score of 58, which denotes only a moderate impairment regarding social and work functioning. Moreover, Dr. Nevins' opinion regarding her activities of daily living was based solely on the claimant's reports of her abilities. The record shows that the claimant's concentration and focus may be impaired, however she does not require the level of supervision put forth by Dr. Nevins. The claimant has a broad range of activities that includes driving and [sic] automobile.

4

R. at 30-31 (citations omitted). Copley specifically argues that "Dr. Nevins gave a good explanation for her opinion" (Dkt. 16 at 10) and "other evidence in the record supported this opinion" (*Id.* at 11).

The Court finds that the reasons provided by the ALJ for rejecting Dr. Nevins' opinions lack evidentiary support. *See Minnick v. Colvin*, 775 F.3d 929, 938-39 (7th Cir. 2015) (remanding where the ALJ failed to build a logical bridge necessary for the court to meaningfully review her reasoning because the decision was unclear and lacked evidentiary support). As Copley argues, Dr. Nevins' opinion regarding Copley's activities of daily living was not based solely on Copley's report of her own abilities; rather, Copley's mother corroborated Copley's report. Dr. Nevins also based her overall opinion on her own observations, including variable eye contact; delayed social reciprocity; Copley's snapping and becoming angry at her mother on several occasions when she did not agree with what her mother was saying; psychomotor agitation; and bruising on Copley's hands, which Copley explained was from having punched a wall in anger. Further, as the Seventh Circuit recently stated, "psychiatric assessments normally are based primarily on what the patient tells the psychiatrist, so that if the judge were correct, most psychiatric evidence would be totally excluded from social security disability proceedings – a position we rejected in *Adaire v. Colvin*, 778 F.3d 685, 688 (7th Cir. 2015)." *Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015).

The ALJ's decision to afford Nevins' opinion that Copley was unable to manage her finances less weight is simply unsupported by the record as a whole. Dr. Nevins administered testing to Copley, and Copley made mistakes on simple addition, subtraction, and division. She was unable to complete serial sevens, and she made three mistakes with serial threes.

Copley challenges the ALJ's reliance on Copley's GAF scores, arguing that, because Dr. Nevins is an examining source and psychologist, her opinion should be given more weight than the GAF scores of nurse practitioners. The Court notes that GAF assessments do not indicate that one is disabled as defined by the Social Security Act. Indeed, "nowhere do the Social Security regulations or case law require an ALJ to determine the extent of an individual's disability based entirely on his GAF score." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (citations and quotations omitted). Moreover, the Social Security Administration has concluded that GAF scores do "not have a direct correlation to the severity requirements in [the] mental disorders listings." Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 F.R. 50746–01.

Copley argues that the opinion of non-examining state agency psychologists Drs. Kennedy and Dobson is an insufficient reason for rejecting the opinion of Dr. Nevins, an examining physician. *See* 20 C.F.R. § 404.1527(c)(1); *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014) (finding that courts "await a good explanation" when an ALJ rejects an examining source's opinion in favor of a non-examining source's opinion). The Court agrees. The ALJ's explanation is insufficient and unsupported by the record as a whole.

## VI.  CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 1/27/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.